IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

S.C. JOHNSON & SON, INC.,

        Plaintiff,

vs.

NUTRACEUTICAL CORPORATION and
NUTRAMARKS, INC.,

        Defendants.

Case No. _____

## COMPLAINT

Plaintiff, S. C. Johnson & Son, Inc., for its Complaint against Nutraceutical Corporation and NutraMarks, Inc., alleges as follows:

### Parties

1. Plaintiff S. C. Johnson & Son, Inc. ("SCJ") is a corporation duly organized under the laws of the State of Wisconsin with its principal place of business located at 1525 Howe Street, Racine, Wisconsin 53403.

2. Upon information and belief, Defendant Nutraceutical Corporation ("Nutraceutical") is a Utah corporation with its principal place of business at 1400 Kearns Boulevard, Second Floor, Park City, Utah 84060.

3. Upon information and belief, Defendant NutraMarks, Inc. ("NutraMarks") is a Delaware corporation with its principal place of business at 1500 Kearns Boulevard, Suite B200, Park City, Utah 84060.

4. Upon information and belief, Nutraceutical and NutraMarks are related entities.

## Jurisdiction and Venue

5. This is an action for counterfeiting, trademark infringement, false designation of origin and unfair competition arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and the common law of the State of Wisconsin.

6. This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. § 1121; 28 U.S.C. § 1331; 28 U.S.C. § 1338(a), and over the unfair competition cause of action under 28 U.S.C. § 1338(b) and 28 U.S.C § 1367.

7. This Court has personal jurisdiction over Nutraceutical. Upon information and belief, Nutraceutical manufactures, advertises, distributes and sells insect repellent products under the infringing BUG OFF trademark, which products are advertised and available for purchase to residents of the State of Wisconsin and throughout this judicial district. Thus, Nutraceutical is subject to this Court's specific and general personal jurisdiction pursuant to due process and the Wisconsin long arm statute, resulting from Nutraceutical's substantial business contacts in this forum. Further, at least a portion of the infringement and unfair competition alleged in this Complaint occurs in the State of Wisconsin and in this judicial district and Nutraceutical regularly conducts or solicits business, engages in other persistent courses of conduct and/or derives substantial revenue from goods sold to individuals in Wisconsin and in this judicial district.

8. This Court has personal jurisdiction over NutraMarks. Upon information and belief, NutraMarks owns and operates a website, as further described below, that advertises and offers for sale insect repellent products under the infringing BUG OFF trademark to residents of the State of Wisconsin and throughout this judicial district. Thus, NutraMarks is subject to this Court's specific and general personal jurisdiction pursuant to due process and the Wisconsin

Page 2 of 13
Case 2:11-cv-00861-PP   Filed 09/12/11   Page 2 of 13   Document 1

long arm statute, resulting from NutraMarks's substantial business in this forum. Further, at least a portion of the infringement and unfair competition alleged in this Complaint occurred in the State of Wisconsin and in this judicial district and NutraMarks regularly conducts or solicits business, engages in other persistent courses of conduct and/or derives substantial revenue from goods sold to individuals in Wisconsin and in this judicial district.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to the claims stated in this Complaint occurred in this judicial district and Nutraceutical and NutraMarks are subject to personal jurisdiction in this judicial district.

**Facts Common to All Counts**
**SCJ's Background and BUG-OFF® Trademarks**

10. For more than sixty years, SCJ has developed, manufactured, advertised and sold insect repellent and insect control products under its OFF® family of trademarks. During that period, SCJ has built a successful international business based on its popular OFF® branded insect control products.

11. SCJ owns three (3) U.S. registrations and one (1) pending application for its BUG-OFF® trademark (collectively, "BUG-OFF® Marks") for insect repellent and insect control products (collectively, the "SCJ Goods") that are registered with or pending in the United States Patent & Trademark Office ("USPTO"). Copies of SCJ's USPTO registrations and pending application for its BUG-OFF® Marks are attached as Exhibits 1-4.

12. SCJ owns U.S. Registration No. 2,369,898 for the BUG-OFF® mark which covers "wrist bands for repelling insect." The application for U.S. Registration No. 2,369,898 was filed on June 22, 1998, claims January 26, 1998 date of first use and registered on July 25,

2000.  Accordingly, SCJ has constructive nationwide priority to the BUG-OFF® trademark as of the application filing date for U.S. Registration No. 2,369,898, at least as early as June 22, 1998.

13. SCJ has invested substantial time, money and effort developing and promoting the BUG-OFF® Marks, which SCJ uses and has used continuously in interstate commerce in association the SCJ Goods.  By virtue of advertising and promotion of the BUG-OFF® Marks, SCJ has acquired consumer goodwill throughout the United States.  For purchasers, potential purchasers and members of the general public, the BUG-OFF® Marks symbolize SCJ and the affection, favorable recognition and substantial goodwill that is associated with SCJ and the SCJ Goods.

14. SCJ's U.S. Registration Nos. 2,369,898; 3,303,024; and 3,963,304 for the BUG-OFF® mark are valid and in good standing.  The registration certificates attached as Exhibits 1-3 are *prima facie* evidence of SCJ's ownership of each registration, their validity and SCJ's exclusive nationwide right to use the BUG-OFF® Marks in connection with the goods set forth in each certificate of registration.

15. SCJ uses and has used continuously the BUG-OFF® trademark on product packaging for the SCJ Goods.

16. SCJ has used the BUG-OFF® Marks for an extensive amount of time, since at least as early as 1998.  SCJ has expended substantial amounts of money developing and promoting the BUG-OFF® Marks.   Consequently, the BUG-OFF® Marks serve to identify SCJ as the source of the SCJ Goods.

### Nutraceutical and NutraMarks's Infringing Conduct

17. Upon information and belief, in or about March 2011, Nutraceutical purchased all of Sunfeather Natural Soap Company's ("Sunfeather") assets, including Sunfeather's insect

control product lines advertised and sold under the infringing BUG OFF mark ("Infringing BUG OFF Mark").

18. Sunfeather previously filed three BUG OFF applications in the USPTO for various insect repellent and related products, identified as U.S. Serial Nos. 76/480,168, 76/480,169 and 76/480,170. The USPTO refused registration of all three of Sunfeather's applications based on a likelihood of confusion with U.S. Registration Nos. 2369898 and 3303024 for BUG-OFF and BUG OFF! (& design), owned by SCJ.

19. Sunfeather appealed the final refusal of U.S. Serial No. 76/480,170. The USPTO's Trademark Trial and Appeal Board ("TTAB") affirmed the final refusal of U.S. Serial No. 76/480,170 in 2008 based on SCJ's BUG-OFF® registrations. In 2009, Sunfeather abandoned U.S. Serial Nos. 76/480,168, 76/480,169 and 76/480,170.

20. Upon information and belief, Nutraceutical manufactures products that are advertised and sold in stores nationwide, including the insect control products acquired from Sunfeather and advertised and sold under the Infringing BUG OFF Mark.

21. Upon information and belief, NutraMarks owns and operates a website accessible at www.sunfeather.com (the "Website"). The Website prominently displays the Infringing BUG OFF Mark and advertises and offers for sale numerous insect repellent products under the Infringing BUG OFF Mark. A copy of a Website screen shot showing use of the Infringing BUG OFF Mark is attached as Exhibit 5. Similarly, the Website's meta tags includes numerous references to BUG OFF. A copy of the Website's meta tags, with use of the Infringing BUG OFF Mark highlighted, is attached as Exhibit 6.

22. Nutraceutical and NutraMarks advertise and offer for sale goods that are closely related, if not identical, to the SCJ Goods.

Page 5 of 13
Case 2:11-cv-00861-PP   Filed 09/12/11   Page 5 of 13   Document 1

## COUNT I – TRADEMARK COUNTERFEITING
## 15 U.S.C. § 1114

23. SCJ incorporates by reference the allegations of each of the above paragraphs as if fully set forth herein.

24. SCJ owns U.S. Registration No. 3,963,304 for the BUG-OFF® mark which covers "insect repellents."

25. SCJ has used the registered BUG-OFF® trademark continuously and consistently to advertise, promote and sell the SCJ Goods. SCJ's use of the BUG-OFF® mark in interstate commerce has indelibly impressed on the consuming public's minds the impression that the BUG-OFF® trademark identifies SCJ as the source of the SCJ Goods, namely insect repellents.

26. Nutraceutical and NutraMarks have adopted and are using the Infringing BUG OFF Mark as shown on the Website.

27. Nutraceutical and NutraMarks are using a spurious designation that is identical to, or substantially indistinguishable from, SCJ's BUG-OFF® mark on goods covered by U.S. Registration No. 3,963,304, namely, insect repellents.

28. Upon information and belief, Nutraceutical and NutraMarks have intentionally and willfully used this spurious designation knowing it is counterfeit in connection with the advertising, sale and offering for sale insect repellents for Nutraceutical and NutraMarks's own financial gain and such intentional and willful conduct by Nutraceutical and NutraMarks makes this an exceptional case.

29. Nutraceutical and NutraMarks's use of SCJ's registered BUG-OFF® mark in connection with the advertising and sale of counterfeit insect repellents constitutes Nutraceutical and NutraMarks's use of the registered BUG-OFF® mark in commerce.

30. Nutraceutical and NutraMarks's unauthorized use of registered BUG-OFF® mark as set forth above is likely to:

    a. Cause confusion, mistake and deception;

    b. Cause the public to believe that Nutraceutical and NutraMarks's counterfeit insect repellents are the same as SCJ's Goods and/or that Nutraceutical and NutraMarks are authorized, sponsored or approved by SCJ and/or that Nutraceutical and NutraMarks are affiliated, connected or associated with or in some way related to SCJ; and

    c. Result in Nutraceutical and NutraMarks unfairly benefiting from SCJ's advertising and promotion and profiting from the reputation of SCJ's advertising and promotion and profiting from the reputation of SCJ and its registered BUG-OFF® mark.

all of which are to the substantial and irreparable injury to the public, SCJ and SCJ's registered BUG-OFF® mark and the substantial goodwill represented thereby.

31. Nutraceutical and NutraMarks's acts as set forth herein constitute willful trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114. Such conduct entitles SCJ to injunctive relief, compensatory damages, treble damages, disgorgement of profits and costs and attorneys' fees or, at SCJ's election, statutory damages of up to $2,000,000 per counterfeit mark per type of goods advertised, sold and/or offered for sale, pursuant to 15 U.S.C. § 1117(c)(2).

## COUNT II – TRADEMARK INFRINGEMENT
## 15 U.S.C. § 1114

32. SCJ incorporates by reference the allegations of each of the above paragraphs as if fully set forth herein.

33. SCJ owns U.S. Registration Nos. 2,369,898 (BUG-OFF), 3,303,024 (BUG OFF! (& design) and 3,963,304 (BUG-OFF) (collectively, "Registered BUG-OFF® Marks").

34. SCJ uses and has used each of the Registered BUG-OFF® Marks continuously and consistently for an extended period of time to advertise SCJ's Goods. SCJ's use of the Registered BUG-OFF® Marks in interstate commerce has indelibly impressed on the consuming public's minds the impression that the Registered BUG-OFF® Marks identify SCJ as the source of the SCJ Goods.

35. Nutraceutical and NutraMarks have adopted and use the Infringing BUG OFF Mark as shown on the Website.

36. Nutraceutical and NutraMarks's adoption and use of Infringing BUG OFF Mark, including on the webpages accessible on and in the meta tags of the Website, to identify Nutraceutical and NutraMarks's insect repellent products constitutes use of a copy and colorable imitation of SCJ's Registered BUG-OFF® Marks, and is likely to cause confusion, mistake or to deceive the purchasing public into believing that Nutraceutical and NutraMarks's insect repellent products emanate from SCJ, or that there is some connection, sponsorship or affiliation between the SCJ Goods and Nutraceutical and NutraMarks insect repellent products, all of which are contrary to fact and are irreparably harmful to SCJ.

37. SCJ has no control over the nature and quality of Nutraceutical and NutraMarks insect repellent products. Any failure, neglect, damage or default by Nutraceutical and NutraMarks in providing insect repellent products will reflect adversely on SCJ as the believed source or origin thereof, which will hinder and damage SCJ's ongoing effort to protect its outstanding reputation in the industry and subject SCJ to loss of sales and the considerable

expense to promote the SCJ Goods in association with the Registered BUG-OFF® Marks, all to the irreparable harm of SCJ.

38. Nutraceutical and NutraMarks's conduct constitutes infringement of SCJ's Registered BUG-OFF® Marks and is actionable under the provisions of 15 U.S.C. § 1114.

39. Upon information and belief, Nutraceutical and NutraMarks have deliberately and willfully infringed SCJ's Registered BUG-OFF® Marks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114 and SCJ has been and will continue to be irreparably harmed by such infringement unless this Court enjoins Nutraceutical and NutraMarks from their continuing infringement pursuant to 15 U.S.C. § 1116.

40. Upon information and belief, Nutraceutical and NutraMarks are willfully infringing SCJ's Registered BUG-OFF® Marks. As a result of Nutraceutical and NutraMarks's deliberate and willful infringement of SCJ's Registered BUG-OFF® Marks, SCJ is entitled to damages, Nutraceutical and NutraMarks's profits, attorneys' fees and costs and any and all other relief authorized by 15 U.S.C. § 1117.

## COUNT III – FALSE DESIGNATION OF ORIGIN
## 15 U.S.C. § 1125

41. SCJ incorporates by reference the allegations of each of the above paragraphs as if fully set forth herein.

42. Nutraceutical and NutraMarks's conduct as alleged in this Complaint, including their use of the Infringing BUG OFF Mark on and in connection with their insect repellent products and associated Website and constitutes a false designation of origin because Nutraceutical and NutraMarks's use of the Infringing BUG OFF Mark in connection with insect repellent products is likely to cause confusion, to cause mistake or to deceive others as to the affiliation, connection or association of Nutraceutical and NutraMarks with SCJ, or as to the

origin, sponsorship, approval of Nutraceutical and NutraMarks's insect repellent products and commercial activities with SCJ and constitutes a violation of 15 U.S.C. § 1125(a).

43. Upon information and belief, Nutraceutical and NutraMarks's conduct is willful and intentional with the purpose of misleading the public into believing that Nutraceutical and NutraMarks's insect repellent products are in some way sponsored by, affiliated with or connected to SCJ's Goods advertised and sold under the BUG-OFF® Marks, all of which are contrary to fact and irreparably harmful to SCJ. SCJ has been and will continue to be irreparably harmed by Nutraceutical and NutraMarks's conduct unless this Court enjoins Nutraceutical and NutraMarks from their unlawful conduct pursuant to 15 U.S.C. § 1116.

44. As a result of Nutraceutical and NutraMarks's deliberate and willful conduct, SCJ is entitled to damages, Nutraceutical and NutraMarks's profits, attorneys' fees and costs and any and all other relief authorized by 15 U.S.C. § 1117.

## COUNT IV – UNFAIR COMPETITION
## 15 U.S.C. § 1125

45. SCJ incorporates by reference the allegations of each of the above paragraphs as if fully set forth herein.

46. SCJ uses its BUG-OFF® Marks to identify it as the source of insect repellent products.

47. As a result of the facts alleged above, SCJ has developed its BUG-OFF® Marks to be closely associated with, and are an indication of source of origin of, the SCJ Goods that SCJ manufactures, advertises and sells.

48. Nutraceutical and NutraMarks's continued and unauthorized use of SCJ's BUG-OFF® Marks in advertising is likely to, and upon information and belief is intended to, cause confusion or mistake or to deceive as to the affiliation, connection or association of Nutraceutical

and NutraMarks with SCJ or the possible origin, sponsorship or approval of Nutraceutical and NutraMarks's insect repellent products by SCJ.

49. Nutraceutical and NutraMarks's use of SCJ's BUG-OFF® Marks is a misrepresentation that Nutraceutical and NutraMarks are affiliated with SCJ, which constitutes unfair competition with SCJ.

50. Upon information and belief, Nutraceutical and NutraMarks have deliberately and willfully committed acts of unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125, and their conduct has, and continues to, irreparably harm SCJ.

51. Unless Nutraceutical and NutraMarks are restrained and enjoined, SCJ will suffer further and irreparable damage for which SCJ has no full and adequate remedy at law. As a result of Nutraceutical and NutraMarks's deliberate and willful conduct, SCJ is entitled to damages, Nutraceutical and NutraMarks's profits, attorneys' fees and costs and any and all other relief authorized by law.

**COUNT V – UNFAIR COMPETITION UNDER WISCONSIN COMMON LAW**

52. SCJ incorporates by reference the allegations of each of the above paragraphs as if fully set forth herein.

53. Nutraceutical and NutraMarks's acts alleged in this Complaint have created, and unless restrained by this Court, will continue to create, a likelihood of confusion and deception of the consuming public, causing irreparable injury to SCJ for which SCJ has no adequate remedy at law.

54. Nutraceutical and NutraMarks's conduct constitutes unfair competition under the common law of Wisconsin by a deliberate course of conduct, all without authorization, license, privilege or justification.

55. Upon information and belief, Nutraceutical and NutraMarks have acted with full knowledge of SCJ's BUG-OFF® Marks and without regard to the likelihood of confusion and deception of the public created by those acts.

56. Nutraceutical and NutraMarks's conduct demonstrates an intentional, willful and malicious intent to trade on the goodwill associated with SCJ to SCJ's substantial and irreparable injury.

57. As a result of Nutraceutical and NutraMarks's acts, SCJ has been damaged and will continue to be damaged in an amount not as yet determined or ascertainable. At a minimum, however, SCJ is entitled to injunctive relief, an accounting of Nutraceutical and NutraMarks's profits, actual damages, punitive damages, attorneys' fees, the costs of this action and any and all other relief authorized by law.

## PRAYER FOR RELIEF

SCJ demands a judgment against Nutraceutical and NutraMarks and prays that this Court:

a. Preliminarily and permanently enjoin Nutraceutical and NutraMarks and their agents, servants, employees and attorneys and all persons in active concert or participation with them or acting for, with, by, through or under them, from counterfeiting and infringing SCJ's BUG-OFF® Marks, from unfair competition with SCJ and from falsely designating the origin of the SCJ Goods;

b. Order Nutraceutical and NutraMarks to deliver up for destruction to SCJ all unauthorized products and/or advertisements in its possession or under its control bearing the Infringing BUG OFF Mark or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, pursuant to 15 U.S.C. § 1118;

c. Grant to SCJ, should SCJ so elect, an award of statutory damages pursuant to 15 U.S.C. § 1117(c) of up to $2,000,000 for each trademarked item that Nutraceutical and NutraMarks have willfully counterfeited and infringed;

d. Grant to SCJ an award and accounting of Nutraceutical and NutraMarks's profits, any damages sustained by SCJ, and that all profits or damages be trebled, the costs of this action and SCJ's attorneys' fees, pursuant to 15 U.S.C. § 1117;

e. Award SCJ punitive damages for Defendants' acts of unfair competition; and

f. Grant to SCJ such further relief as may be equitable and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, SCJ hereby demands a trial by jury.

Dated this 12th day of September, 2011.

**MICHAEL BEST & FRIEDRICH LLP**

s/ Katherine W. Schill

Jonathan H. Margolies, Esq.
Katherine W. Schill, Esq.
100 East Wisconsin Avenue, Suite 3300
Milwaukee, Wisconsin 53202-4108
(414) 271-6560
jhmargolies@michaelbest.com
kwschill@michaelbest.com

OF COUNSEL:
Dianne M. Smith-Misemer, Esq.
Cheryl L. Burbach, Esq.
**HOVEY WILLIAMS LLP**
10801 Mastin Boulevard, Suite 1000
Overland Park, Kansas 66210
(913) 647 – 9050
dsmisemer@hoveywilliams.com
cburbach@hoveywilliams.com

ATTORNEYS FOR PLAINTIFF
S. C. JOHNSON & SON, INC.