UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**S. C. JOHNSON & SON, INC.,**

    Plaintiff,

    -vs-                      Case No. 11-C-861

**NUTRACEUTICAL CORPORATION
and NUTRAMARKS, INC.,**

    Defendants.

## DECISION AND ORDER

This matter is before the Court on the motion of Plaintiff S. C. Johnson & Son, Inc. ("S. C. Johnson") (ECF No. 34) seeking an order sealing (1) its Brief in Support of Summary Judgment; (2) its Proposed Findings of Fact; and (3) Exhibits A, B, E, F, G, H, I, O, and S to the Declaration of Katherine W. Schill in support S. C. Johnson's Motion for Summary Judgment, in accordance with General L.R. 79(d) and the Protective Order entered in this case (ECF No. 26). In its present form the motion is denied.

Agreement by the parties is not a sufficient basis upon which to order documents filed in a public court record sealed. *See Union Oil Co. of Cal. v. Leavell,* 220 F.3d 562, 567 (7th Cir. 2000) ("[T]he parties' confidentiality agreement cannot require a court to hide a whole case from view. . ."); *see also Hicklin Eng'g, L.C. v. Bartell,* 439 F.3d 346 (7th Cir. 2006) ("What happens in the federal courts is

presumptively open to public scrutiny."). This Court has a duty to make a determination of good cause to seal any part of the record of a case. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.,* 178 F.3d 943, 944 (7th Cir. 1999). The Court may not seal *carte blanche* whatever portions of the record any party wants to seal. *Id.* A sealing order must also expressly state that any party and any interested member of the public may challenge the sealing of the subject document(s). *See Cnty. Materials Corp. v. Allan Block Corp.,* 502 F.3d 730, 740 (7th Cir. 2007).

"The rights of the public kick in when material produced during discovery is filed with the court." *Bond v. Utreras,* 585 F.3d 1061, 1075 (7th Cir. 2009). Documents used in a Court proceeding may "'influence or underpin the judicial decision' and . . . are therefore presumptively 'open to public inspection unless they meet the definition of trade secret or other categories of bona fide long-term confidentiality.'" *Id.* at 1075 (quoting *Baxter Int'l, Inc. v. Abbott Labs.,* 297 F.3d 544, 545). Unlike unfiled discovery to which the public generally has no right of access, "[i]t is beyond dispute that most documents filed in court are presumptively open to the public." *Id.* at 1073. *See also In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010.)

This is so because the parties to a lawsuit are not the only entities who have a legitimate interest in the record compiled in a legal proceeding. *Citizens First Nat'l Bank,* 178 F.3d at 944. "[T]he public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Id.* at 945. "That interest does not always trump the property and privacy interests of the litigants, but it

can be overridden only if the latter interests predominate in the particular case, that is, only if there is good cause for sealing a part or the whole of the record in that case." *Id.*

A party seeking to seal items has the burden of showing cause and must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Baxter Int'l, Inc.,* 297 F.3d at 548. "Narrow, specific requests will be granted when based on articulated, reasonable concerns for confidentiality." *KM Enter., Inc. v. Global Traffic Techs., Inc*., No. 12-3406, ___ F. 3d ___, 2013 WL 3958385, at * 14 (7th Cir. Aug. 2, 2013) (regarding a motion to seal or to return several documents filed on appeal that contained customer and pricing information).

S. C. Johnson requests leave to seal entire documents. Review of the proffered documents establishes that S. C. Johnson's request is significantly over-inclusive. For example, S. C. Johnson wants to seal its entire brief. Parts of that brief set out case law. Other parts include patents which are of public record. This is contrary to the Committee comment to General L.R. 79 which states:

> The motion to seal should be limited to that portion of the material necessary to protect the movant from the harm that may result from disclosure, e.g., the fact that a single page or paragraph of a document contains confidential material generally will not support a motion to seal the entire document. Counsel may, and in most circumstances should, submit a redacted version of the document, with a separate request to seal the portions containing confidential material.

Moreover, S. C. Johnson has not provided an independent factual basis to establish good cause for sealing.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

S. C. Johnson's motion to seal (1) its Brief in Support of Summary Judgment; (2) its Proposed Findings of Fact; and (3) Exhibits A, B, E, F, G, H, I, O, and S to the Declaration of Katherine W. Schill in support of S. C. Johnson's Motion for Summary Judgment (ECF No. 34) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 20th day of August, 2013.

BY THE COURT:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**