# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**S.C. JOHNSON & SON, INC.,**

    Plaintiff-Counterclaim Defendant,

    v.                                              **Case No. 11-C-861**

**NUTRACEUTICAL CORPORATION and NUTRAMARKS, INC.,**

    Defendants-Counterclaimants.

## DECISION AND ORDER

The Defendants Nutraceutical Corporation ("Nutraceutical") and NutraMarks, Inc. ("NutraMarks") (collectively the "Defendants") have filed an expedited non-dispositive motion (ECF No. 91) for stay of the injunction ordered August 29, 2014, until 30 days after the Court's ruling on their motion for relief pursuant to Fed. R. Civ. P. 59. Plaintiff S.C. Johnson ("SCJ") opposes the motion, and indicates that a monetary amount is not appropriate security pending resolution of the Defendants' motion. (ECF Nos. 95, 96.) Instead, it suggests the temporary modification of the injunction while the motion is pending so that the Defendants would not be required to deliver up for destruction their inventory and advertising, but would be required to cease selling the infringing goods and remove the goods from any websites.

Rule 62(b)(3) of the Federal Rules of Civil Procedure provides that "[o]n

appropriate terms for the opposing party's security, the court may stay the execution of a judgment . . . pending disposition of any of the following motions: . . . under Rule 59, for a new trial or to alter or amend a judgment." Four factors are used to determine whether a stay is appropriate: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987) (regarding a stay on appeal).

The injunction provides:

> The Defendants and their agents, servants, employees and attorneys and all persons in active concert or participation with them or acting for, with, by, through or under them, are permanently enjoined from counterfeiting and infringing SCJ's BUG-OFF® Mark, from unfair competition with SCJ and from falsely designating the origin of the SCJ goods; and,
>
> No later than September 28, 2014, the Defendants must deliver up for destruction to SCJ all unauthorized products and/or advertisements in its possession or under its control bearing the infringing BUG OFF mark or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, pursuant to 15 U.S.C. § 1118.

(Court's Aug. 29, 2014, Decision and Order, 39.) (ECF No. 90.)

Having considered the arguments of the parties, the Court denies

the motion for a stay of paragraph one of the injunction and grants the requested stay as to paragraph two of the injunction. The implementation of paragraph one of the injunction will not cause irreparable harm to the Defendants; however, delivery of materials for destruction involved in paragraph two is likely to cause irreparable harm. Implementation of paragraph one of the injunction will eliminate confusion from the marketplace which is in the public interest; however, the destruction of the materials required by paragraph two is only of marginal benefit to the public interest when the marketplace confusion has been eliminated. The harms to SCJ and the public outweigh the harm to the Defendants if paragraph one were stayed. However, the harm to the Defendants outweighs the harm to SCJ and the public if paragraph two were not stayed. By fashioning the stay as described, the Court achieves the same effect as SCJ's proposed temporary modification of the injunction.

Dated at Milwaukee, Wisconsin, this 25th day of September, 2014.

**SO ORDERED:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**