# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**SC JOHNSON & SON INC.,**

      Plaintiff-Counterclaim Defendant,

-vs-                                        Case No. 11-C-861

**NUTRACEUTICAL CORPORATION,
and NUTRAMARKS, INC.,**

      Defendants-Counterclaimants.

## DECISION AND ORDER

Defendants Nutraceutical Corporation and Nutramarks, Inc. (collectively the "Defendants") filed a motion to alter judgment pursuant to Federal Rule of Civil Procedure 59(e), or in the alternative for relief from judgment pursuant to Rule 60(b)(1). (ECF No. 98.) The motion asserts that the Court made errors of law in its Decision and Order and Judgment (ECF Nos. 89, 90) relating the parties' competing use of the trademark "BUG OFF." The Court found in favor of Plaintiff S.C. Johnson & Son Inc. ("SCJ") on its Lanham Act and common law unfair competition claims, granted SCJ permanent injunctive relief prohibiting the Defendants from using the BUG OFF® mark, and dismissed the Defendants' trademark counterclaims.

A court may not amend or alter a judgment under Rule 59(e) unless the movant "clearly establish[es]" that "there is newly discovered evidence or

there has been a manifest error of law or fact." *Harrington v. City of Chi.,* 433 F.3d 542, 546 (7th Cir. 2006). Reconsideration under the "manifest error" prong is only proper when "'the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'" *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted).

A motion to vacate a judgment under Rule 60(b) may be permissible for reasons including "mistake, excusable neglect, newly discovered evidence, and fraud." *Harrington,* 433 F.3d at 546. "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv.,* 131 F.3d 625, 628 (7th Cir. 1997). Although the rule may be used to correct certain mistakes by the litigants, Rule 60(b) is not a vehicle to correct a perceived mistake of law by the court. *Talano v. Nw. Med. Faculty Found., Inc.,* 273 F.3d 757, 762 (7th Cir. 2001).

The Defendants contend the Court correctly held that the Defendants bore the burden of proving that their use of the BUG OFF mark was continuous (Defs. Mot. 2 (citing *See* 15 U.S.C. § 1115(b)(5); *Allard Enters., Inc. v. Adv. Programming Res. Inc.,* 146 F.3d 350, 361 (6th Cir. 1998)), but erred when it held that they did not meet that burden for the time period after 2012. They assert the Court overlooked that (1) the Defendants' continuous use

after the time this lawsuit was filed in 2011 was undisputed, (2) the only evidence at trial on the issue, which was unchallenged, was that the Defendants' sales of BUG OFF after the acquisition of Sunfeather were continuous to the present, (3) the legal test for continuous use does not require proof of actual sales, and (4) the Court's finding of non-use for more than one year is inconsistent with its finding that SCJ met its burden of establishing irreparable harm such that it is entitled to a permanent injunction.

The Defendants were aware that they bore the burden of establishing an entitlement to nationwide common law rights in the BUG OFF mark, which included presenting evidence of continuous use through trial in their claimed area—nationwide. In concluding that the Defendants failed to carry that burden, the Court considered the admissible testimony and evidence presented at trial, including that of Jeffery Hinrichs. The Defendants have not established a manifest error of fact or law with regard to the Court's finding that Defendants' sales records did not "demonstrate continued sales after 2012" and that the lack of sales "constitutes non-use for more than one year" for purposes of the Defendants' nationwide common law rights defense. (Court's August 29, 2015, Decision and Order, 30).

The Defendants mistakenly equate any use of a mark with use sufficient to establish or maintain common law rights capable of overcoming a federal registrant's presumptive nationwide rights. The Defendants contend

that because SCJ has alleged infringement, it has admitted continuous use sufficient to maintain common law rights. If true, the Defendants' argument would mean that owners of registered trademarks could never assert infringement and defeat a defense of prior common law rights based on lack of continuous use in a given area. The Defendants have not established that the Court erred in finding that the evidence established current use constituting infringement, but that Defendants "have not presented evidence that they . . . continuously maintained use of the mark in the claimed area." (*Id.*). Therefore, the motion to alter judgment or in the alternative for relief from judgment is denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

**T**he Defendants' motion to alter judgment or in the alternative for relief from judgment (ECF No. 98) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 22nd day of September, 2015.

                                                **BY THE COURT:**

                                                */s/ Rudolph T. Randa*
                                                **HON. RUDOLPH T. RANDA**
                                                **U.S. District Judge**