UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

S.C. JOHNSON & SON, INC.,

        Plaintiff,

v.

NUTRACEUTICAL CORPORATION and
NUTRAMARKS, INC.,

        Defendants.

Case No. 11-cv-861-pp

---

**ORDER DENYING DEFENDANTS' MOTION TO RESTRICT DOCUMENT (DKT. NO. 124), BUT GIVING THE PLAINTIFF AN OPPORTUNITY TO SHOW CAUSE**

---

On February 6, 2017, the defendants filed a motion to restrict documents, asking the court to restrict two documents to case participants only: (1) Brief in support of Defendants' motion for entry of final judgment consistent with the Seventh Circuit's opinion, dkt. no. 120-1; and (2) Defendant's reply brief in support of the motion for entry of final judgment consistent with the Seventh Circuit's opinion, dkt. no. 125-1. Dkt. No. 124. At the same time, the defendants filed publicly available, redacted versions of these briefs. Dkt. Nos. 120, 125. In support of their request, the defendants argue that "[t]hese documents contain information identified by the relevant parties as containing sensitive or proprietary business or technical information and designated as 'CONFIDENTIAL' or 'HIGHLY CONFIDENTIAL' under the Protective Order." Dkt. No. 124. It appears to the court that the defendants

seek to redact financial information of the plaintiff, including the plaintiff's gross sales, number of units sold, and total profit in various years relevant to this lawsuit. Dkt. No. 120-1 at 8-9. The defendants also seek to redact the "disgorgement of profits" amount to which the defendants claim they established at trial and to which they argue they are entitled. Id. at 13 ("Nutraceutical established at trial that SC Johnson's total claimed gross revenue minus its total claimed costs or deductions equaled [redacted amount].")

The Seventh Circuit has made clear, however, that court should not restrict documents from public view solely because they contain commercial information, or solely because the parties have agreed to restrict them; "[d]ocuments that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy . . . ." In re Specht, 622 F.3d 697, 701 (7th Cir. 2010). "[M]any litigants would like to keep confidential the salary they make, the injuries they suffered, or the price they agreed to pay under a contract, but when these things are vital to claims made in litigation they must be revealed." Baxter Intern. Inc. v. Abbott Laboratories, 297 F.3d 544, 547 (7th Cir. 2002). The Seventh Circuit "recognize[s] only three classes of material subject to seal: trade secrets, information covered by a recognized privilege, and information required by statute to be maintained in confidence. United States v. Sanford-Brown, Ltd., 788 F.3d 696, 712 (7th Cir. 2015), cert. granted, judgment vacated *sub nom.* U.S. ex rel. Nelson v. Sanford-

Brown, Ltd., ___ U.S. ___, 136 S. Ct. 2506, (2016), and opinion reinstated in part, superseded in part, 840 F.3d 445 (7th Cir. 2016).

The defendants have not demonstrated that the documents they seek to restrict contain a trade secret, fall within a recognized privilege, or are required by statute to be maintained in confidence. The Local Rules for the Eastern District of Wisconsin require a party to show good cause for restricting material from the public record. General L.R. 79(d). The defendants have not met the good cause standard, nor has the plaintiff offered argument as to why their financial information should be redacted from the defendants' briefs. The mere fact that the parties agreed to be subject to a protective order does not provide a sufficient basis for the court to restrict the documents under Seventh Circuit case law. Baxter Inten. Inc., 297 F.3d at 547.

The court **DENIES WITHOUT PREJUDICE** the motion to restrict the defendants' brief in support of the motion for judgment consistent with the Seventh Circuit opinion and their reply brief in support of the motion for judgment consistent with the Seventh Circuit opinion. The court **ORDERS** that the clerk of courts shall **RESTRICT** the briefs (Dkt. Nos. 120-1 and 125-1) such that only the parties and the court may view the un-redacted versions only until **October 20, 2017.** By the end of the day on October 20, 2017, either (1) the parties shall notify the court that they have agreed that the briefs need not be restricted; or (2) the plaintiff shall file a document stating cause why the information should be restricted. If neither event occurs by the end of

the day on October 20, 2017, the court will make the documents publicly available.

Dated in Milwaukee, Wisconsin this 29th day of September, 2017.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge